IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **ROBERT LEE THOMPSON, JR. #2918,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 3:23-cv-01032 |
| v. ) | |
| ) | Judge Trauger |
| **NURSE KIM,** *et al.***,** ) | Magistrate Judge Newbern |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Robert Lee Thompson, Jr., a pretrial detainee in the custody of the Dickson County Jail in Dickson, Tennessee, has filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1).

The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A. Before the court proceeds with the required PLRA screening, the court must address the filing fee.

### I. FILING FEE

Plaintiff seeks pauper status in this case. Initially, the court denied his Application for Leave to Proceed In Forma Pauperis ("IFP Application") without prejudice because it was missing the required inmate certified trust fund account statement. (Doc. No. 4). The required documentation (Doc. No. 9) now has been submitted. The court therefore **DIRECTS** the Clerk to reinstate the IFP Application. (Doc. No. 2).

Under the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's Application, it appears that Plaintiff lacks sufficient

1

financial resources from which to pay the full filing fee in advance. Therefore, his Application (Doc. No. 2) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Memorandum Opinion and Order to the administrator of inmate trust fund accounts at the Dickson County Jail to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Memorandum Opinion and Order follows Plaintiff to his new place of confinement for continued compliance.

## II. SCREENING OF THE COMPLAINT

A. PLRA SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520121 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us
3

to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. ALLEGED FACTS

The allegations of the complaint are assumed true for purposes of the required PLRA screening.

The complaint alleges that, while in the custody of the Dickson County Jail, Plaintiff does not have access to volumes 7 and 7A of unspecified "lawbooks." (Doc. No. 1 at 5). Plaintiff is suffering "mental injuries" from this lack of access. (*Id.*)

The complaint also alleges that it is jail policy not to provide inmate with physicals upon intake. Plaintiff wishes to receive a physical and be tested for sexually transmitted diseases ("STD") as he believes he is experiencing symptoms of an STD. "Medical" provided him with what it claimed to be Flagyl tablets, and Nurse Kim l/n/u told Plaintiff that Flagyl "would cure the STD or any STDs." (*Id.*)

Finally, the complaint alleges that Plaintiff's money has been "taken" by "Medical" who blamed "Commissary" who blamed "Medical." (Doc. No. 1 at 5). Plaintiff has been charged twice "for intake." (*Id*.)

D. ANALYSIS

The complaint names four Defendants to this action: Nurse Kim l/n/u, Nurse Crystal l/n/u, "Dickson County Sheriff's Department and Jail," and "T. Beasley Commissary." (Doc. No. 1 at 2-3). The nurses and T. Beasley are sued in their individual and official capacities (*Id*. at 3). As a preliminary matter, the court must address the viability of suing the jail and Sheriff's Department.

First, the Dickson County Jail is not a "person" that can be sued under 42 U.S.C. § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing Section 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a claim upon which relief can be granted against the Dickson County Jail.

Second, "federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit." *Mathes v. Metro. Gov't*, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (Trauger, J.) (collecting cases); *accord Campbell v. Cheatham Cty. Sheriff's Dep't*, 511 F. Supp. 3d 809, 824-25 & n.12 (M.D. Tenn. 2021) (Crenshaw, C.J.) (dismissing the § 1983 claim against the sheriff's department as redundant of the claim against the county, and also noting that sheriff's departments "are not proper parties to a § 1983 suit"), *aff'd*, 47 F.4th 468 (6th Cir. 2022).[1]

---

[1] The appeal in *Campbell* addressed only whether the deputy whose motion for summary judgment was denied was entitled to qualified immunity. To this court's knowledge, the Sixth Circuit has never expressly held that sheriff's

Nor are sheriff's departments proper defendants for claims under Tennessee law. The Tennessee Code delineates sheriffs' responsibilities, Tenn. Code Ann. § 8-8-201, provides that sheriff's offices are to be funded by county governing bodies, *id.* § 8-20-120, and further provides that any person incurring an injury "resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit against *the county* in which the sheriff serves," *id.* § 8-8-302(a) (emphasis added). It appears that the Dickson County Jail is a division within Dickson County. *See* https://www.dicksoncountysheriff.org/jail (last visited Apr. 26, 2024). Plaintiff has not pointed to any authority under Tennessee law that would make the Dickson County Sheriff's Department a proper entity to be sued under state law. The court concurs with the great weight of authority, finding that the Dickson County Sheriff's Department is not a suable entity under Section 1983 or state law.

Plaintiff's first claim against the remaining Defendants is that he lacks access to certain volumes of law books while in the custody of the Dickson County Jail. The law is well settled that a prisoner has a First Amendment right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821-23 (1977). The right of access to the courts requires prison officials to ensure that inmates have access to the courts that is "adequate, effective and meaningful." *Id*. at 822. To ensure the meaningful exercise of this right, prison officials are under an affirmative obligation to provide inmates with access to an adequate law library, *Walker v. Mintzes*, 771 F.2d 920, 931 (6th Cir. 1985), or some alternative form of legal assistance, *Procunier v. Martinez*, 416 U.S. 396, 419 (1974) (overruled on other grounds by *Thornburgh v. Abbott*, 490 U.S. 401 (1989)). Meaningful access varies with the circumstances, and prison officials are accorded discretion in determining

---

departments in Tennessee are not government entities capable of being sued, but it has suggested as much on several occasions, and it has confirmed that when a plaintiff erroneously sues "a non-juridical police department, the plaintiff often can easily fix this error by suing the city or county that operates the department." *Lopez v. Foerster*, No. 20-2258, 2022 WL 910575, at *6 (6th Cir. Mar. 29, 2022) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).

how that right is to be administered. *Bounds,* 430 U.S. at 830-31. However, it is not enough for a plaintiff simply to claim that he was denied access to the courts, or that he did not have access to an adequate law library or to some alternate form of legal assistance. To state a claim on which relief may be granted, a plaintiff must show that a defendant's conduct in some way prejudiced the filing or prosecution of a legal matter. *Walker*, 771 F.2d at 932; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Here, the complaint fails to allege that Plaintiff has been prejudiced in filing this instant lawsuit or has suffered any litigation-related detriment to either this case or another case. Thus, because Plaintiff has not alleged that he sustained an actual injury in his efforts to litigate, he fails to state a claim for denial of his right of access to the courts. However, given the nature of Plaintiff's claim and his pro se status, the court will permit Plaintiff to amend his complaint to explain how, if any, his inability to obtain certain volumes of law books caused an actual injury in his efforts to litigate.

Plaintiff's second claim is premised on his desire for a medical examination and testing for STDs. Plaintiff is a pretrial detainee. "[P]retrial detainees have a constitutional right to be free from deliberate indifference to serious medical needs under the Due Process Clause of the Fourteenth Amendment." *Greene v. Crawford Cnty., Mich.*, 22 F.4th 593, 605 (6th Cir. Jan. 4, 2022) (citing *Griffith v. Franklin Cnty., Ky.*, 975 F.3d 554, 566 (6th Cir. 2020)). This claim has objective and subjective components. *See id.* at *8. The objective component requires Plaintiff to demonstrate that he had an "objectively serious medical need." *Id*. (quoting *Brawner v. Scott Cnty., Tenn.*, 14 F.4th 585, 597 (6th Cir. 2021)). The subjective component "require[s] only recklessness," meaning that Plaintiff must prove that Defendant's "'action (or lack of action) was intentional (not accidental) and [they] either (a) acted intentionally to ignore [the detainee's]

7

serious medical need, or (b) recklessly failed to act reasonably to mitigate the risk the serious medical need posed to' the detainee." *Id*. (quoting *Brawner*, 14 F.4th at 597).

Here, the complaint alleges that, when Plaintiff believed he had symptoms of a STD, he sought a physical from a medical professional the jail. In response to Plaintiff's concerns, a jail nurse prescribed Plaintiff Flagyl, an antibiotic "used to treat a wide variety of infections." *See* https://www.webmd.com/drugs/2/drug-7644/flagyl-oral/details (last visited Apr. 26, 2024). Assuming for purposes of this analysis that Plaintiff's suspected STD constitutes an objectively serious medical need, Plaintiff himself concedes that a jail nurse provided treatment for that need. Plaintiff has not alleged that any Defendant acted intentionally to ignore Plaintiff's serious medical need or recklessly failed to act reasonably to mitigate the risk the serious medical need posed to Plaintiff. Thus, the complaint's allegations do not support a finding of deliberate indifference to Plaintiff's objectively serious medical need.[2] This claim is not viable.

Finally, Plaintiff's third claim is that he has been improperly billed by the Dickson County Jail medical department and/or commissary. To establish a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must establish that: (1) he was deprived of a life, liberty or property interest secured by the Fourteenth Amendment to the United States Constitution by the state, and (2) the state did not afford adequate procedural rights prior to the deprivation of the protected interest. U.S. Const. amend. XIV; *see also Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989); *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999). Absent either element, the Section 1983 claim fails. *Thompson*, 490 U.S. at 460.

---

[2] A prisoner's difference of opinion regarding diagnosis or treatment also does not rise to the level of an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Further, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess the medical judgments of prison officials and constitutionalize claims that sound in state tort law. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Even though *Estelle* and *Westlake* are cases involving convicted prisoners instead of pretrial detainees such as Plaintiff, the court finds these cases instructive, particularly given that Plaintiff here was timely provided with prescription medication for his suspected medical condition by a jail nurse.

The law is clear that individuals have a property interest in their own money. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 571-73 (1972). Thus, assuming Plaintiff has been deprived of his money, as a threshold matter, Plaintiff must plead an underlying constitutional violation to state a claim for relief pursuant to Section 1983, that is, that the state did not afford adequate procedural rights prior to the deprivation of his protected interest. The complaint does not provide enough detail to determine if it states a colorable due process claim related to the collection of fees from Plaintiff's inmate trust fund account.

The Sixth Circuit has held that due process is not violated when funds are withheld from an inmate's account for purposes of paying for expenses such as booking and housing costs. *See Sickles v. Campbell Cnty.*, 501 F.3d 726, 730-32 (6th Cir. 2007); *see also Jones v. Clark Cnty.*, 666 F. App'x 483, 486 (6th Cir. 2016) (affirming dismissal of inmate's allegation that jail had billed him for costs of his incarceration without prior process, concluding that mere billing does not implicate due process rights); *Browder v. Ankrom*, No. 4:05-cv-P9-M, 2005 WL 1026045, at *6 (W.D. Ky. Apr. 25, 2005) (concluding that "inmates who are assessed a housing or per diem fee pursuant to a statute or policy are not 'truly deprived of their property' because such monies are deducted in exchange for services rendered or goods provided"). Plaintiff here alleges that he has been overcharged and/or charged for expenses he did not accrue. He does not, however, explain T. Beasley's role in these alleged events. However, the court will permit Plaintiff to amend this claim, in addition to his access to court claim, if he so desires.

At this time, there are no allegations supporting claims against Nurses Kim l/n/u and Nurse Crystal l/n/u. These Defendants are subject to dismissal, but the court will wait to address their continued involvement in this lawsuit until after Plaintiff has filed an amended complaint or the 30 days has passed within which he may file an amended complaint.

9

## III. CONCLUSION

For the reasons explained herein, the court finds that the complaint fails to state Section 1983 claims upon which relief can be granted against the Dickson County Jail, and all claims against the Dickson County Jail are **DISMISSED**.

Further, the court finds that the Dickson County Sheriff's Department is not a suable entity under Section 1983 or state law. Thus, all claims against the Dickson County Sheriff's Department are **DISMISSED**.

Plaintiff's medical treatment claims fail to state Section 1983 claims upon which relief can be granted, and those claims are **DISMISSED**.

The court permits Plaintiff to amend his complaint to explain how, if any, his inability to obtain certain volumes of law books caused an actual injury in his efforts to litigate. Likewise, Plaintiff may amend his complaint to more fully articulate his due process claim based on overcharges by the jail commissary and/or medical department.

If Plaintiff submits a timely amended complaint, the court will screen the amended complaint pursuant to the PLRA upon receipt. If not, at the expiration of the 30-day period, this action will be dismissed.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge